ALTENBERND, Judge.
 

 Eric Shuron Harris appeals his judgment and sentence for aggravated battery with a deadly weapon. Although the trial court erred on an evidentiary ruling, we conclude the error was harmless and affirm.
 

 The events resulting in the charge of aggravated battery occurred in June 2008 at 2 a.m. at a nightclub a few blocks from the Tampa Police Department headquarters. This nightclub apparently has loud music, and a police officer happened to be training a police dog outside the club because the dog had a tendency to be nervous around loud music.
 

 The victim was inside the bar when he and a friend were attacked by a group of men. The victim testified that he was stabbed three times and shot in the elbow. He testified that Mr. Harris was the man who stabbed him two times in the side with a large pocketknife that had a three-to five-inch blade. After he was shot and stabbed, he followed his attackers out of the bar and identified Mr. Harris as one of his attackers to the police officer who was training the dog. Mr. Harris was arrested at the scene.
 

 The victim was transported by ambulance to the hospital. He was treated in the emergency room and stayed at the hospital for about twenty-four hours. During his direct testimony, the State asked, “What treatment did you receive at the hospital?” He answered, “They had to give me x-rays and stuff and make sure the knife didn’t puncture my lungs, a little too close to this lung because I have a hard — it was hard for me to breathe on the inside.”
 

 Mr. Harris’s attorney immediately objected to this answer on grounds that the victim’s explanation for why he received “x-rays and stuff’ was either hearsay information from a physician or speculation. The trial court overruled the objection.
 

 The victim then finished his answer, stating, “Yeah. I got — they say they had to — they want to make sure the air don’t get in my lung because the knife went like an inch or two away from my lung.”
 

 Mr. Harris’s attorney again objected to the hearsay and a lack of any medical foundation. It may be noteworthy that no medical testimony about Mr. Harris’s condition was provided before or after his testimony; Mr. Harris provided the only testimony about his treatment. The trial court overruled the objection, explaining that the statement was an exception to hearsay because it was a “statement for diagnosis of treatment.”
 

 It is true that a statement for purposes of medical diagnosis or treatment is an exception to the general rule prohibiting the admissibility of hearsay.
 
 See
 
 
 *287
 
 § 90.803(4), Fla. Stat. (2008). That exception, however, applies to statements made by “a person seeking the diagnosis or treatment.”
 
 Id. “A
 
 statement is not admissible under section 90.803(4) unless there is a foundation showing that. the statement was made for the purpose of diagnosis or treatment and that the person making the statement knew it was being made for that purpose.” Charles W. Eh-rhardt,
 
 Florida Evidence
 
 § 803.4, at 861 (2009). In other words, it applies when a doctor, or perhaps a nurse or paramedic, explains what a victim of a crime told them when seeking treatment.
 
 See
 
 Glen Weis-senberger & A.J. Stephani,
 
 Florida Evidence
 
 — 2009
 
 Courtroom Manual
 
 Chapter 803(4), at 500-02 (2009). It does not apply to allow the victim to state in court what the doctor explained to the victim about the reason or the necessity for treatment.
 

 In this case, Mr. Harris was charged with aggravated battery based on his use of a deadly weapon.
 
 See
 
 § 784.045(l)(a)(2), Fla. Stat. (2007). Although the jury may well have had enough evidence to conclude that the injury to the victim’s chest was a great bodily harm or a permanent disfigurement, the extent of his injuries was not an issue material to the verdict because the State did not charge Mr. Harris with this form of aggravated battery.
 
 See
 
 § 784.045(l)(a)(l). Accordingly, we conclude that the victim’s inadmissible testimony about the reason the doctors performed treatment was harmless beyond a reasonable doubt in this context.
 
 See State v. DiGuilio,
 
 491 So.2d 1129, 1135 (Fla.1986).
 

 Affirmed.
 

 NORTHCUTT, J., and CASE, JAMES R., Associate Senior Judge, Concur.